UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

"IN ADMIRALTY"

CASE NO.

IN THE MATTER OF THE COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY    BY    BAYWATCH    BOAT
RENTALS, TOURS & CHARTERS, INC. d/b/a
CAPTAIN JOE'S BOAT RENTALS, TOURS &
CHARTERS, AS OWNERS OF THE 1984 31'
TIARA  MOTOR  VESSEL  BEARING  HULL
IDENTIFICATION NUMBER SSUT1396J485,

      Petitioner,

_____/

**PETITION FOR EXONERATION FROM**
**OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA:

COMES NOW the Petitioner, BAYWATCH BOAT RENTALS, TOURS & CHARTERS,

INC.  d/b/a CAPTAIN JOE'S BOAT RENTALS, TOURS & CHARTERS, as owner of the 1984

31' TIARA  motor  vessel  bearing  hull  identification  number  SSUT1396J485 (hereinafter

"PETITIONER"), by and through undersigned counsel and pursuant to 46 U.S.C. Section 30501

*et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, and allege:

1.      This is a case of admiralty and maritime jurisdiction. Venue is appropriate in this

district as the underlying incident occurred in Miami-Dade County, Florida.

2.      The subject vessel is a 1984 31' TIARA motor vessel bearing hull identification

number SSUT1396J485 (hereinafter "the Vessel").

3.      At all times material, PETITIONER was the owner of the Vessel.

4.      At all times material, PETITIONER exercised due diligence to make and maintain the Vessel in all respects seaworthy; and all times material, she was in all respects seaworthy and fit for the use in which she was engaged until the occurrence of the incident hereinafter described.

5.      PETITIONER has been put on notice of potential claims against it arising out of an incident occurring on or about April 18, 2021.

6.      On or about April 18, 2021, the Vessel was involved in an incident involving the subject vessel while the vessel was anchored in the navigable waters of Miami-Dade County, Florida resulting in the bodily injury and/or death of a passenger (hereinafter the "Incident").

7.      PETITIONER is entitled to seek relief under 46 U.S.C. 30505 et seq.

8.      No act or omission by PETITIONER contributed in any way to the cause of the Incident.

9.      The aforesaid injuries and death were not caused or contributed to by any fault, negligence or lack of due care by PETITIONER or the Vessel.

10.      The aforesaid injuries and death were done, occasioned and incurred without the privity and knowledge of PETITIONER.

11.      PETITIONER has received written notice of potential claim(s) arising from this Incident.

12.      PETITIONER does not know the total dollar value of the claims that may be made resulting from the above-described incident. PETITIONER, however, anticipates, fears, and believes that lawsuits and claims will be asserted and prosecuted against PETITIONER seeking amounts exceeding the total sum or sums for which PETITIONER may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

13.     To PETITIONER's knowledge, as of the filing of this Complaint, the Vessel has not been attached or arrested.

14.     There are no demands, unsatisfied claims of lien or liens against the Vessel arising out of the above-described incident, or any suit pending thereon, so far as known to PETITIONER, other than those set forth in this Complaint.

15.     Upon information and belief, the entire aggregate amount of PETITIONER's interest in the post-casualty Vessel is $8,500.00 (Eight Thousand Five Hundred Dollars and no Cents), and there was no pending freight.  See Affidavit of Value, attached as <u>Exhibit 1</u>.

16.     Subject to any appraisal of its interest upon reference, PETITIONER deposits into the registry of the Court a Letter of Undertaking from Great Lakes Insurance SE in the amount of $8,500.00, as security for an amount equal to the appraised post-casualty value of the Vessel, plus security for costs and interest at 6% per annum within the meaning of 46 USC §30501(a).  See <u>Exhibits 2 and 3</u>, Letter Of Undertaking and Non-Waiver Agreement.

17.     PETITIONER claims Exoneration from Liability for any and all damages, injuries and fatalities caused by the incident involving the Vessel, and for any and all claims therefore. PETITIONER alleges that it has valid defenses thereto on the facts and on the law.

18.     PETITIONER, without admitting but affirmatively denying all liability, claims the benefits of the Limitation of Liability provided for in 46 U.S.C. § 30505 et seq., and the various statutes supplemented thereto and amended thereof.

19.     Pursuant to the provisions of Supplemental Rule F, this action is being filed within six (6) months of the first receipt of written claim by PETITIONER.

20.     All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the

meaning of Federal Rule of Civil Procedure 9(h).

**WHEREFORE,** Petitioner, BAYWATCH BOAT RENTALS, TOURS & CHARTERS, INC.  d/b/a CAPTAIN JOE'S BOAT RENTALS, TOURS & CHARTERS, as owner of the 1984 31' TIARA motor vessel bearing hull identification number SSUT1396J485, Prays That:

(1)     This Court issues a Notice to all persons or entities asserting claims with respect to which the Complaint seeks relief admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the PETITIONER a copy thereof on or before a date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, they shall file and serve on the attorneys for PETITIONER an answer to the Complaint on or before the said date, unless their claim has included an answer, so designated. A Proposed Notice to Claimants is attached as Exhibit 4.

(2)     This Court enjoins the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against PETITIONER, as aforesaid, and/or against the Vessel or against any property of the PETITIONER except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the aforesaid incident involving the Vessel, or otherwise done, occasioned or incurred as a result of the aforesaid incident involving the Vessel.

(3)     This Court adjudges that PETITIONER is not liable to any extent for any damages or injuries, or for any claim therefore in any way arising out of or resulting from the aforesaid incident, damages, or injuries, that were done, occasioned or incurred as a result of the aforesaid incident involving the Vessel.

(4)     This Court in this proceeding will adjudge that the PETITIONER is not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident involving the Vessel, or if PETITIONER shall be adjudged liable, then that such liability be limited to the amount or value of PETITIONER's interest in the post casualty value of Vessel, as aforesaid, and that PETITIONER be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging PETITIONER from all further liability.

(5)     That PETITIONER may have such other, further or different relief as may be just. A Proposed Order Approving Security and Monition, Directing Issuance of Notice, and Restraining Suits is attached as <u>Exhibit 5</u>.

Dated: December 31, 2021

<div style="margin-left: 40%;">

**Respectfully submitted,**

  /s/ *Craig P. Liszt*
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Petitioner*

</div>