## N<small>ON</small>-W<small>AIVER</small> A<small>GREEMENT</small>

It is hereby mutually agreed by and between Baywatch Boat Rentals, Tours & Charters, Inc. d/b/a Captain Joe's Boat Rentals, Tours & Charters, Inc. (hereinafter "Baywatch"), and Great Lakes Insurance SE (hereinafter "Great Lakes"), as follows:

Whereas Great Lakes issued a Commercial Yacht Insuring Agreement with policy number CSRYP/184562 (hereinafter the "Policy") to Baywatch, in effect for the one-year period commencing August 19, 2020;

Whereas an insurance coverage dispute exists between the parties hereto as is more fully described in a lawsuit entitled *Great Lakes Insurance SE vs. Baywatch Boat Rentals, Tours & Charters, Inc. d/b/a Captain Joe's Boat Rentals, Tours & Charters, Inc..,* Case No. 1:21-cv-21220-JLK, pending in the United States District Court for the Southern District of Florida;

Whereas Great Lakes appointed counsel, Jonathan W. Skipp, under a reservation of rights to represent Baywatch pertaining to claims which may arise from the death of John Kent, Jr., and which are the subject of the declaratory action referenced above;

Whereas Baywatch's counsel, Jonathan Skipp, intends to file a Petition for Exoneration from or Limitation of Liability on behalf of Baywatch;

Whereas, in support of Baywatch's Petition for Exoneration from or Limitation of Liability, Baywatch is required to post security in "a sum equal to the amount or value of the owner's interest in the vessel and pending freight" pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims;

1 of 3

Non-Waiver Agreement

Whereas Baywatch's counsel intends to file a letter of undertaking executed by a representative of Great Lakes as security for the benefit of any claimants, including John Kent, Jr., that may file claims against Baywatch in the Limitation of Liability action;

Whereas Great Lakes agrees to post security in the form of a letter of undertaking for the insured value of the vessel without prejudice to its coverage defenses, and on the condition that if a decision is issued by the District Court in the above-referenced declaratory action in favor of Great Lakes, then Great Lakes shall have the right to discontinue funding the defense of the limitation action and withdraw the security posted pursuant to this Non-Waiver Agreement;

Whereas nothing in this agreement, including the appointment of counsel for Baywatch and/or posting of security in the form of a letter of undertaking executed by Great Lakes shall be construed as a waiver of the rights and defenses of Great Lakes as set forth within the declaratory action currently pending in the United States District Court for the Southern District of Florida.

**THEREFORE**, it is hereby understood and agreed to by the parties as follows:

1.      Great Lakes has agreed to appoint counsel for Baywatch under a reservation of rights and has agreed to post security in the form of a letter of undertaking executed by a representative of Great Lakes in support of Baywatch's Petition for Limitation of Liability.

2.      Great Lakes' actions in appointing counsel on behalf of Baywatch and posting security in Baywatch's Petition for Limitation of Liability are without prejudice to its coverage defenses as set forth in the above-referenced declaratory judgment action.

3.      Great Lakes shall have the right to discontinue funding the defense of the Limitation Action and withdraw the security posted pursuant to this Non-Waiver Agreement

Non-Waiver Agreement

should the District Court in the above-referenced declaratory action decide in favor of Great

Lakes on the coverage issue.

Signed on this 31st day of December, 2021.



_____

Charles S. Davant, Esq.
Attorney for Great Lakes Insurance SE

_____

Theodore L. Shinkle, Esq.
Attorney for Baywatch Boat Rentals, Tours & Charters, Inc.
d/b/a Captain Joe's Boat Rentals, Tours & Charters, Inc.