UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24488-Civ-Williams/Sanchez

IN THE MATTER OF THE COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY BY BAYWATCH BOAT RENTALS,
TOURS & CHARTERS, INC. d/b/a CAPTAIN
JOE'S BOAT RENTALS, TOURS &
CHARTERS, AS OWNERS OF THE 1984 31'
TIARA MOTOR VESSEL BEARING HULL
IDENTIFICATION NUMBER SSUT1396J485,

    Petitioner,
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S
MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

This matter is before the Court on Petitioner's Motion for Entry of Final Default Judgment for exoneration of liability against all potential claimants, filed on October 21, 2022.  ECF No. 15.  After careful consideration of the Petitioner's filings and the relevant authority, and for the reasons discussed below, it is respectfully **RECOMMENDED** that the Motion for Final Default Judgement be **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

On December 31, 2021, the Petitioner filed a Petition for Exoneration from or Limitation of Liability, claiming a right to be exonerated from or have its liability limited for all claims arising out of an incident that occurred on April 18, 2021.  ECF No. 1.  On June 28, 2022, Judge McAliley issued an order granting the Petitioner's Amended Motion for Order Approving Security and Value, Directing Issuance of Notices, and Restraining Suits and requiring the Petitioner to publish the Notice in an approved newspaper once a week for four consecutive weeks and to send written

notice of the Complaint, in accordance with Rule F, to Chantavia Bethel via her attorney, Sekou Gary, Esq., and to John Kent, Jr., if the Petitioner was in possession of Mr. Kent's last known address. ECF No. 11 at ¶¶ 4-5. On that same day, the Clerk of the Court issued a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability (the "Notice"), requiring that all claimants file their claims no later than August 16, 2022, or be defaulted. ECF No. 12.

On October 20, 2022, the Petitioner filed a Motion for Entry of Clerk's Default with an attached proof of publication, demonstrating that the Notice was published in the Miami Daily Business Review on July 11, 2022, July 18, 2022, July 25, 2022, and August 01, 2022. *See* ECF No. 13, 13-1. The Petitioner also mailed the Notice of the instant proceeding to Chantavia Bethel via Sekou Gary, Esq., but was unable to send it to Mr. Kent because the Petitioner was not and is not in possession of Mr. Kent's last known address. ECF No. 19. No claims were filed by the August 16, 2022 deadline, and the Clerk thus entered a default against all potential claimants. ECF No. 14. The Petitioner now seeks a final default judgment of exoneration from liability as to all claimants who failed to file a claim in these proceedings. ECF No. 15.

## II.   ANALYSIS

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P. 55(a). Thereafter, unless the defendant is an infant or an incompetent person, the court may enter a default judgment against defendants that fail to appear or defend against a lawsuit. Fed. R. Civ. P. 55(b). Courts follow this same procedure in cases under the Limitation of Liability Act. *See In re Cramer*, No. 20-cv-10041-JEM, 2021 WL 724180, at *1 (S.D. Fla. January 19, 2021); *In re Janssen*, No. 20-62373-Civ-Cannon, 2021 WL 8894467, at *2 (S.D. Fla. May 14, 2021); *In re Albergo*, No. 17-cv-

61281-Bloom/Valle, 2017 WL 9362584, at *1 (S.D. Fla. Oct. 3, 2017); *In re Wild Florida Airboats, LLC*, No. 16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2-3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) (entering default judgment against potential claimants that failed to assert a claim by the deadline).

Supplemental Rule F(5) provides, in pertinent part:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Rule F(5), Supplemental Rules for Admiralty or Maritime Claims. Supplemental Rule F(4), in turn, states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Rule F(4), Supplemental Rules for Admiralty or Maritime Claims. Thus, default judgment may be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability by the deadline "provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue,

3

and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims." *In re Wild Florida Airboats, LLC*, 2017 WL 3891777, at *3; *see also In re Reef Innovations, Inc.*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (stating that a party seeking default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Here, on June 28, 2022, the Clerk of the Court issued a Notice that required that all claimants file their claims no later than August 16, 2022, or be defaulted. ECF No. 12. The Petitioner then published the Notice once per week for four consecutive weeks in the Miami Daily Business Review on July 11, 2022, July 18, 2022, July 25, 2022, and August 01, 2022. ECF No. 13, 13-1. In doing so, the Petitioner satisfied the notice publication requirements of Rule F(4). With respect to known potential claimants, however, the Petitioner's compliance with the additional requirement that notice be mailed is murkier. Although counsel for Petitioner has represented that Petitioner complied with the requirement to provide "written notice to all known potential claimants, including Chantavia Bethel via her attorney Sekou Gary, Esq., in accordance with Rule F," ECF No. 19 at 2 ¶ 2(b) (footnote omitted), that representation is inaccurate. The notice to Ms. Bethel (via her attorney) was not sent to her before the day of the second publication of notice, as prescribed by Rule F(4). ECF No. 19-2. Indeed, the notice was not sent to her until *after* the claims deadline set forth in the notice.* *Id.* Nevertheless, the notice was sent to her by

---

* Although the Court had specifically directed the Petitioner to report whether it had provided written notice of the instant action to Ms. Bethel as previously ordered by Judge McAliley and as required by Supplemental Rule F(4), ECF No. 18, Petitioner's counsel neither reported nor identified this irregularity with notice compliance, other than by furnishing the transmitted notice as an exhibit, and instead asserted full compliance with Rule F(4), citing that exhibit as support for its claimed compliance with Rule F(4). The Court expects greater candor from counsel.

overnight delivery via FedEx on August 23, 2022, and the Petitioner offered to extend the deadline for her to file a claim until September 23, 2022, that is, for a period of 30 days. *Id.* Ms. Bethel thereafter did not file a claim during that 30-day period nor within the nearly 11 months that have passed since her receipt of notice. Under these circumstances, despite the Petitioner's technical non-compliance with Rule F(4)'s time requirements for providing mailed written notice to a claimant, the Petitioner did provide actual written notice to Ms. Bethel and an opportunity to file a claim in these proceedings. Ms. Bethel thereafter elected not to file a claim or to otherwise appear in these proceedings to challenge the relief sought by the Petitioner. Thus, she should be deemed to have abandoned her right to file a claim or to contest the manner in which the Petitioner provided notice under Rule F(4). Finally, as to decedent John Kent, Jr., the Petitioner was unable to send him the notice of this action because it was not in possession of Mr. Kent's last known address. ECF No. 19 at 2 ¶ 2(c)(i).

The deadline to file a claim in these proceedings has long passed, and no interested party has filed a claim or made an appearance to defend against the petition in the instant action. The Petitioner does not have knowledge of any other potential claimants besides Ms. Bethel, who received actual written notice and failed to file a claim. Lastly, approximately 11 months have passed since publication of notice pursuant to Rule F(4) and since Petitioner delivered physical written notice to Ms. Bethel, and any and all potential claimants have thus had more than ample opportunity to file a claim, file an answer to the Petition for Exoneration from or Limitation of Liability, seek leave of the Court to extend the August 16, 2022, deadline governing claims and answers, or otherwise make an appearance to oppose the entry of default judgment. Under these circumstances, the Petitioner is entitled to a default judgment of exoneration from liability for all potential claims arising out of the April 18, 2021 incident.

### III. CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **GRANT** the Petitioner's Motion for Entry of Final Default Judgment.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 20th day of July 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Kathleen M. Williams
      Counsel of Record